NO. 07-09-0343-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D 
 
 SEPTEMBER 6, 2011
 __________________________
 
 SOUTH PLAINS LAMESA RAILROAD, LTD. AND LARRY DALE WISENER, 
 Appellants
 
 v.
 
 THE KITTEN FAMILY LIVING TRUST, 
 
 Appellee 
 __________________________
 
 FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2005-529,345; HONORABLE WILLIAM C. SOWDER, JUDGE
 ___________________________

 Concurring Opinion 
 ___________________________
I concur in the disposition of this appeal by the majority but for a different reason. 
This court determined, in the first appeal, that the Lease Agreement was "not fully integrated into the Easement Agreement and the Easement Agreement merely modifie[d] the Lease Agreement in some respects." South Plains Lamesa Railroad, Ltd. v. The Kitten Family Living Trust, No. 07-06-0209-CV, 2008 Tex. App. Lexis 603 at *9 (Tex. App. - Amarillo Jan. 28, 2008, pet. denied) (emphasis added). And, since the Easement Agreement did not completely supersede the Lease or encompass the entire agreement between the parties, we found the claim of merger inapplicable. Id. Then we noted that the inconsistent terms in the two agreements created ambiguities and remanded the cause for further proceedings. 
At the subsequent trial, the court directed the jury to determine, via the first issue, whether the "Easement of February 17th, 1998, . . . was to be the controlling agreement of the parties . . . ." (Emphasis added). It answered "yes." In being asked that question, the jury, for all intent and purpose, was given the option to ignore our previous ruling. That is, it was given the option to assess whether the Easement superseded or otherwise supplanted the Lease when we already held that it did not. Consequently, the issue was improper for it should have focused on the resolution of ambiguities between the two documents, not on whether one document superseded or controlled the other. 
I also question the majority's reasoning in issue one to the extent that their opinion can be read as permitting the litigants to submit novation, merger or some like doctrine that effectively permits the jury to determine whether the Easement displaced the Lease in toto. Doing so not only implicitly contradicts what we held in our first opinion but also contradicts the undisputed conduct of the litigants themselves. Indeed, by the Trust continuing to pay rent per the Lease and the Railroad accepting it after the Easement was executed, no one can reasonably deduce that the parties intended for the latter to entirely supplant the former. Simply put, the actions of the parties resulted in the creation of two viable documents that are contradictory and, therefore, ambiguous in various aspects. The duty to help resolve those ambiguities via the derivation of the parties` intent viz those particular ambiguous provisions fell upon the jury. The latter was denied opportunity to perform that task given the broad form submission of jury issue one.
Finally, it may be that something in our first opinion was inaccurate. Nonetheless, I opt not to overrule it by implication. All must either live by what we said until we expressly, overtly conclude that something we said was wrong. To leave the matter open to conjecture helps no one.

 Brian Quinn
 Chief Justice